***E-FILED - 1/23/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH A. ROBINSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN FRANCISCO JACQUEZ,<br>et al.,<br><br>　　　　Defendants. | No. C 08-5290 RMW (PR)<br><br>ORDER SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

　　　Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against numerous officials of Pelican Bay State Prison ("PBSP"). Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court will order service of the complaint upon defendants Francisco Jacquez, R. Bell, and Rev. R. G. Bliesner based on plaintiff's cognizable claims against them.

**DISCUSSION**

A.　　Standard of Review

　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Having reviewed the complaint, the court finds that plaintiff's allegations, when liberally construed, state a cognizable claim that the named defendants violated plaintiff's First Amendment right to the free exercise of religion by failing to provide kosher meals and permit attendance at Jewish services which are mandated by his religion.

C.   Named Defendants

Plaintiff sues all three defendants in their official capacities[1], but he may only obtain damages from them in their individual capacities. The claims for damages against the defendants in their official capacity are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (Eleventh Amendment bar on damages in federal court action against state remains in effect when state officials are sued for damages in their official capacity). However, the Eleventh Amendment does not bar suits that seek to impose individual liability upon a government official for actions taken under color of state law. Hafer v. Melo, 502 U.S. 25, 31 (1991). Accordingly, the damages claims against all defendants in their official capacities is dismissed.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.   Plaintiff's claim against defendants, as described above, are cognizable, when liberally construed. The request for damages against defendants in their official capacities is

---

[1] Plaintiff sues defendant Jacquez in both his individual and official capacities.

1  DISMISSED.

2      2.    The clerk of the court shall issue summons and the United States Marshal shall
3  serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy
4  of this order upon: **Warden Francisco Jacquez, Facility Captain R. Bell, and Chaplain**
5  **Reverend R. G. Bliesner** at **Pelican Bay State Prison** in **Crescent City, California.** The clerk
6  shall also <u>mail a courtesy copy</u> of this order and the complaint, with all attachments thereto, to
7  the **California Attorney General's Office**.

8      3.    No later than **ninety (90) days** from the date of this order, defendant shall file a
9  motion for summary judgment or other dispositive motion with respect to the claims in the
10  complaint found to be cognizable above, or, within such time, notify the court that defendants
11  are of the opinion that this case cannot be resolved by such a motion.

12      a.    If defendants elect to file a motion to dismiss on the grounds that plaintiff
13  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
14  defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315
15  F.3d 1108, 1119-20 (9th Cir. 2003).

16      b.    Any motion for summary judgment shall be supported by adequate factual
17  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
18  Procedure. **Defendants are advised that summary judgment cannot be granted, nor**
19  **qualified immunity found, if material facts are in dispute. If any defendant is of the**
20  **opinion that this case cannot be resolved by summary judgment, he shall so inform the**
21  **court prior to the date the summary judgment motion is due.**

22      4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and
23  served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

24      a.    In the event defendant files an unenumerated motion to dismiss under
25  Rule 12(b), plaintiff is hereby cautioned as follows:[2]

---

27  [2]The following notice is adapted from the summary judgment notice to be given to pro se
28  prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u>
<u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.08\Robinson290srv.wpd    3

1   The defendants have made a motion to dismiss pursuant to Rule 12(b) of
the Federal Rules of Civil Procedure, on the ground you have not exhausted your
2   administrative remedies.  The motion will, if granted, result in the dismissal of
your case.  When a party you are suing makes a motion to dismiss for failure to
3   exhaust, and that motion is properly supported by declarations (or other sworn
testimony) and/or documents, you may not simply rely on what your complaint
4   says.  Instead, you must set out specific facts in declarations, depositions, answers
to interrogatories, or documents, that contradict the facts shown in the defendant's
5   declarations and documents and show that you have in fact exhausted your
claims.  If you do not submit your own evidence in opposition, the motion to
6   dismiss, if appropriate, may be granted and the case dismissed.

7   b.   In the event defendant files a motion for summary judgment, the

8   Ninth Circuit has held that the following notice should be given to plaintiffs:

9   The defendants have made a motion for summary  judgment by which
they seek to have your case dismissed.  A motion for summary judgment under
10  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

11  Rule 56 tells you what you must do in order to oppose a motion for
summary judgment.  Generally, summary judgment must be granted when there is
12  no genuine issue of material fact--that is,  if there is no real dispute about any fact
that would affect the result of your case, the party who asked for summary
13  judgment is entitled to judgment as a matter of law, which will end your case.
When a party you are suing makes a motion for summary judgment that is
14  properly supported by declarations (or other sworn testimony), you cannot simply
rely on what your complaint says.  Instead, you must set out specific facts in
15  declarations, depositions, answers to interrogatories, or authenticated documents,
as provided in Rule 56(e), that contradict the facts shown in the defendants'
16  declarations and documents and show that there is a genuine issue of material fact
for trial.  If you do not submit your own evidence in opposition, summary
17  judgment, if appropriate, may be entered against you.  If summary judgment is
granted in favor of defendants, your case will be dismissed and there will be no
18  trial.

19  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

20  Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

21  (1986) (holding party opposing summary judgment must come forward with evidence showing

22  triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

23  failure to file an opposition to defendant's motion for summary judgment may be deemed to be a

24  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

25  without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges

26  v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

27  5.   Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's

28  opposition is filed.

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.08\Robinson290srv.wpd         4

1       6.      The motion shall be deemed submitted as of the date the reply brief is due.  No
2  hearing will be held on the motion unless the court so orders at a later date.

3       7.      All communications by the plaintiff with the court must be served on defendant,
4  or defendant's counsel once counsel has been designated, by mailing a true copy of the
5  document to defendant or defendant's counsel.

6       8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
7  No further court order is required before the parties may conduct discovery.

8       9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
9  and all parties informed of any change of address and must comply with the court's orders in a
10 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
11 pursuant to Federal Rule of Civil Procedure 41(b).

12      IT IS SO ORDERED.
13 DATED: __1/22/09__                          _/s/ Ronald M. Whyte_
                                               RONALD M. WHYTE
14                                             United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.08\Robinson290srv.wpd        5