*E-FILED - 12/8/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH A. ROBINSON, | ) | No. C 08-5290 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS' |
| v. | ) | MOTION TO DISMISS; DENYING |
| | ) | PLAINTIFF'S REQUEST FOR |
| WARDEN FRANCISCO JACQUEZ, | ) | PRELIMINARY INJUNCTION; FURTHER |
| et al., | ) | SCHEDULING ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

        Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action

pursuant to 42 U.S.C. § 1983 against numerous officials of Pelican Bay State Prison ("PBSP").

On January 23, 2009, the court found that plaintiff stated a cognizable claim that defendants

violated his First Amendment right to the free exercise of religion.  Defendants filed a motion to

dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the

grounds that plaintiff failed to exhaust administrative remedies, failed to state a cognizable

claim, and that defendants are entitled to qualified immunity.  Although given an opportunity,

plaintiff has not filed an opposition.  After a review of the pleadings, the court GRANTS in part

and DENIES in part defendants' motion to dismiss, DENIES plaintiff's request for a preliminary

injunction, and issues a further scheduling order.

///

**DISCUSSION**

A.   Motion to Dismiss for Failure to Exhaust

Defendants argue that plaintiff failed to properly exhaust his administrative remedies. Specifically, defendants state that in his complaint, plaintiff claimed that defendant Jacquez and Bell mishandled his administrative appeal, and defendant Bell improperly denied his transfer to another institution.  The court disagrees.

1.   Standard of Review

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment.  Id.  In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.[1]  If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice.  Id. at 1120.

2.   Analysis

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court.  Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).  Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages.  Porter

---

[1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record.  Wyatt, 315 F.3d at 1120 n.14.  Plaintiff was given such notice in the January 23, 2009 order in this matter.

1   v. Nussle, 534 U.S. 516, 524, 532 (2002).

2        The State of California provides its prisoners and parolees the right to appeal

3   administratively "any departmental decision, action, condition or policy perceived by those

4   individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  In order

5   to exhaust available administrative remedies within this system, a prisoner must proceed through

6   several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602

7   inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third

8   level appeal to the Director of the California Department of Corrections and Rehabilitation

9   ("Director").  See Barry v. Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code

10  Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the

11  exhaustion requirement under § 1997e(a).  See id. at 1237-38.

12       On April 19, 2008, plaintiff submitted an administrative appeal, log number PBSP-08-

13  01100, stating that he told defendant Chaplain Bliesner that he was Jewish and requested that he

14  be put on the kosher diet program.  Defendant Bliesner responded that PBSP had no rabbi on

15  staff, and therefore, he could not offer a kosher diet to plaintiff.  Plaintiff alleged that the prison

16  was preventing him from engaging in practicing his faith without any justifiable reason because

17  the Warden was not making reasonable efforts.  Further, plaintiff noted that the lack of kosher

18  food prevented him from exercising his religious freedom.

19       Plaintiff's informal appeal was bypassed.  On April 24, 2008, Defendant Bell reviewed

20  his first level appeal, and partially granted plaintiff's appeal.  Specifically, the first level

21  response confirmed that PBSP was unable to provide inmates with a kosher diet until it had a

22  rabbi on staff.  Further, the first level reviewer indicated that it would arrange for plaintiff to be

23  seen by a Unit Classification Committee to consider plaintiff's transfer to another institution that

24  had a Jewish Rabbi on staff and therefore, could provide plaintiff with a kosher religious diet.

25       After appealing from that response, on May 23, 2008, the second level review again

26  partially granted plaintiff's appeal.  Specifically, it summarized plaintiff's argument, stating that

27  plaintiff requested to have Jewish services and kosher meals, or to be transferred to an institution

28

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss; Denying Plaintiff's Request for
Preliminary Injunction; Further Scheduling Order

where kosher diets are available.  Further, it determined that PBSP was still searching for a full-time rabbi to have on staff but in the meantime, the Jewish inmates at PBSP were limited to resources regarding their faith to be provided by the Aleph Institute, because a kosher diet could not be administered without supervision by a rabbi.  Further, the reviewer noted that plaintiff was scheduled for a hearing on May 29, 2008, at which time he could request a transfer to an institution where he could obtain a kosher diet.

Plaintiff appealed that decision, again requesting to have Jewish services and kosher meals, or to be transferred to an institution where kosher diets are available, and re-stating that his right to exercise his religious beliefs were being violated.  On October 7, 2008, the Director's Level decision was issued, denying plaintiff's appeal.  It stated that pursuant to the California Code of Regulations, only certain designated institutions would have kosher meals and the Jewish kosher diets are to be administered in accordance with the regulations.  Further, only a Jewish chaplain could oversee proper compliance and administration of the program.  PBSP had been trying to get a full time rabbi but was still unsuccessful.  In the meantime, those Jewish inmates at PBSP were provided services through the Aleph Institute.

In his complaint, plaintiff alleged that he received a religious preference form from defendant Chaplain Bliesner.  Plaintiff filled it out, indicated that he was Jewish, and applied for kosher meals, which is mandated by the Jewish faith.  After plaintiff discovered that kosher meals were not provided because the prison lacked a rabbi on staff, plaintiff filed an administrative appeal regarding the prison's policy of not providing Jewish services and kosher meals.  Plaintiff asserts that the denial of kosher meals violated his right to free exercise.  As relief, he requests damages as well as declaratory relief.  He further requests that the prison provide Jewish prisoners kosher meals or that he be transferred to an institution which provides Jewish services.

Section 1997e(a) requires that plaintiff present his claims to each level of administrative review before raising the claims in a § 1983 action in federal court.  See Woodford, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the

1  programs it administers before it is haled into federal court, and it discourages disregard of [the

2  agency's] procedures.") (internal quotations omitted).  Where, as here, a prison's grievance

3  procedures do not specify the requisite level of factual specificity required in the grievance, "'a

4  grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'"

5  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646,

6  650 (7th Cir. 2002)).  The grievance need not include every fact necessary to prove each element

7  of an eventual legal claim.  Griffin, 557 F.3d at 1120.  The purpose of grievances is to alert the

8  prison to a problem and facilitate its resolution.  Id.  The grievance should include sufficient

9  information "to allow prison officials to take appropriate responsive measures."  Id.

10  Defendants read plaintiff's appeals and complaint too narrowly.  Here, plaintiff's

11  administrative appeals alerted the prison that he believed his right to free exercise was being

12  violated because the prison did not serve kosher meals.  As relief, plaintiff requested either the

13  prison start serving kosher meals, or transfer him to an institution that could.  In plaintiff's

14  complaint to this court, he raised the same claim.  Mindful of the court's duty to liberally

15  construe a pro se prisoner's pleadings, the court concludes that plaintiff's appeals raised the

16  same subject and request for relief as in his complaint.  See O'Guinn v. Lovelock Corr. Ctr., 502

17  F.3d 1056, 1062-63 (9th Cir. 2007).  Accordingly, plaintiff properly exhausted his claim of a

18  violation of his right to free exercise of religion.

19  Defendants also allege that plaintiff failed to exhaust a claim regarding the "handling of

20  an inmate appeal" as well as a claim that plaintiff's transfer request was denied.  In its order of

21  service, the court did not construe plaintiff's complaint as raising either claim.  Accordingly,

22  neither claim is subject to the exhaustion requirement and defendant's motion to dismiss these

23  claims for failure to exhaust is denied as unnecessary.

24  For the reasons stated above, the court DENIES defendants' motion to dismiss for failure

25  to exhaust.

26  ///

27  ///

28

1   B.      Motion to Dismiss for Failure to State a Claim

2          1.      The Warden

3          Defendants argue that plaintiff's allegations against defendant Jacquez are too vague and

4   conclusory to state a claim.  Defendants further state that plaintiff's only allegation against

5   defendant Jacquez is that he improperly handled an administrative appeal.  The court disagrees.

6          In plaintiff's complaint, he parenthetically names defendant Jacquez as "(Warden)

7   Francisco Jacquez."  (Complaint at 1.)  In the "Statement of Claim" section of his complaint,

8   plaintiff alleges that in an administrative appeal, he complained about the prison's policy of not

9   providing Jewish services or kosher meals and that such failures violated his right to free

10  exercise.

11         Federal courts must construe pro se complaints liberally.  See Hughes v. Rowe, 449 U.S.

12  5, 9 (1980).   A pro se plaintiff need only provide defendants with fair notice of his claims and

13  the grounds upon which they rest.  See Hearns v. Terhune, 413 F.3d 1036, 1043 (9th Cir. 2005).

14  Further, "It has long been clearly established that '[s]upervisory liability is imposed against a

15  supervisory official in his individual capacity for his own culpable action or inaction in the

16  training, supervision, or control of his subordinates, for his acquiescence in the constitutional

17  deprivations of which the complaint is made, or for conduct that showed a reckless or callous

18  indifference to the rights of others.'"  Preschooler II v. Davis, 479 F.3d 1175, 1183 (9th Cir.

19  2007) (citations omitted)  A supervisor, such as the warden, may be liable under section 1983

20  upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient

21  causal connection between the supervisor's wrongful conduct and the constitutional violation.

22  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation

23  omitted).

24         Here, as found in the court's initial order of service, a liberal reading of plaintiff's

25  complaint demonstrates that he properly states a cognizable claim against defendant Warden

26  Francisco Jacquez for acquiescing in the prison's policy of denying Jewish services and kosher

27  diets.  Accordingly, defendant's motion to dismiss defendant Jacquez for failure to state a claim

28

1  is DENIED.

2      2.    Defendant R. Bell

3          Defendants move to dismiss defendant Bell for failing to state a claim against him.  The

4  court agrees.  To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

5  that a right secured by the Constitution or laws of the United States was violated and (2) that the

6  alleged violation was committed by a person acting under the color of state law.  See West v.

7  Atkins, 487 U.S. 42, 48 (1988).  In plaintiff's complaint, the only connection plaintiff makes

8  between defendant Bell and the violation of his free exercise claim is that defendant Bell

9  partially granted one of his administrative appeals and denied plaintiff a transfer to another

10 institution.  The first allegation, even liberally construed, cannot amount to a claim regarding the

11 violation of plaintiff's free exercise of religion.  It does not allege that defendant Bell caused the

12 deprivation of plaintiff's free exercise.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

13 The second allegation, as noted by defendants and not objected to by plaintiff, is not properly

14 before this court because it was not properly exhausted in plaintiff's administrative appeals.

15 Accordingly, the court GRANTS defendants' motion to dismiss defendant Bell.

16     3.    Defendant Chaplain Bliesner

17         Defendants move to dismiss defendant Chaplain Bliesner for failing to state a claim

18 against him.  The court agrees.  In plaintiff's complaint, the only connection plaintiff makes

19 between defendant Chaplain Bliesner and the violation of his free exercise claim is that the

20 chaplain gave him a religious preference form so that plaintiff could establish that he was of the

21 Jewish faith.  Even liberally construed, this cannot state claim regarding the violation of

22 plaintiff's right to free exercise.  It does not allege that defendant Chaplain Bliesner caused the

23 deprivation of any of plaintiff's constitutional rights.  See West, 487 U.S. at 48; Leer, 844 F.2d

24 at 634.  Accordingly, the court GRANTS defendants' motion to dismiss defendant Chaplain

25 Bliesner.

26 ///

27 ///

28

1    C.    Motion to Dismiss based on Qualified Immunity

2          Defendant Jacquez[2] argues that he is entitled to qualified immunity because plaintiff

3    failed to show that his actions violated a constitutional right.  Defendant's argument assumes that

4    the alleged constitutional violation at issue here is an allegation that defendant improperly

5    handled plaintiff's administrative appeal.  However, even if defendant Jacquez is entitled to

6    qualified immunity with respect to a claim of improperly handling of an administrative appeal, it

7    is irrelevant to the cognizable claim that defendant violated plaintiff's right to free exercise.

8    Accordingly, defendant's motion to dismiss based on qualified immunity is DENIED.  Should

9    defendant believe that he is entitled to qualified immunity with respect to the cognizable claim at

10   issue, he may raise it in a motion for summary judgment.

11   D.    Request for Preliminary Injunction

12         In his complaint, plaintiff requests that the court issue a preliminary injunction to the

13   prison to provide kosher meals.  The decision of whether to grant or deny a motion for

14   preliminary injunction is a matter of the district court's discretion.  Am. Trucking Ass'ns, Inc. v.

15   City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  The standard for assessing a motion

16   for preliminary injunction is set forth in Winter v. Natural Res. Def. Council, Inc., 129 S. Ct.

17   365, 376 (2008).  "Under Winter, plaintiffs seeking a preliminary must establish that (1) they are

18   likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of

19   preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction

20   is in the public interest."  Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009).

21         Plaintiff has not attempted to make this showing.  The court concludes that plaintiff has

22   not shown sufficient facts to establish that he actually faces irreparable harm.  Nor has he shown

23   his probable success on the merits.  Accordingly, plaintiff's motion for preliminary injunctive

24   relief  is DENIED without prejudice.

25   ///

26

27         [2] Because the only defendant remaining is defendant Jacquez, the court will address this
28   argument only as it pertains to him.

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss; Denying Plaintiff's Request for
Preliminary Injunction; Further Scheduling Order
P:\PRO-SE\SJ.Rmw\CR.08\Robinson290mtddeny.wpd     8

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.      Defendants' motion to dismiss is GRANTED in part and DENIED in part. Defendants Bell and Bliesner are DISMISSED.

2.      Plaintiff's motion for a preliminary injunction is DENIED.

3.      No later than **sixty (60) days** from the date of this order, defendant shall file a motion for summary judgment with respect to the claim in the complaint found to be cognizable above, or, within such time, notify the court that defendants are of the opinion that this case cannot be resolved by such a motion.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

4.      Plaintiff's opposition to the motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary

judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.    Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    7.    All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

    9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: ___12/7/09_____

_____
RONALD M. WHYTE
United States District Judge